EDWARDS ANGELL PALMER & DODGE, LLP
Richard M. DeAgazio, Esq. (RD-6507)
One Giralda Farms
Madison, NJ 07940
Telephone:  (973) 520-2300
Facsimile:  (973) 520-2600
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM S. WANAGO, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> CVS CAREMARK CORPORATION, <br><br> Defendant. | Civil Action No.1:07-cv-9829 (LAK) <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES** |

Defendant CVS Caremark Corporation (hereafter "Defendant" or "CVS"), by way of answer to the Amended Complaint of William Wanago, M.D. ("Plaintiff"), hereby states as follows:

1. Paragraph 1 of the Amended Complaint describes the nature of this action and, thus, no response is required thereto. To the extent any factual allegations are asserted in Paragraph 1 of the Amended Complaint, Defendant denies those allegations.

### As for Parties

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Amended Complaint.

### As for Jurisdiction and Venue

4. Plaintiff sets forth a conclusion of law in Paragraph 4 of the Amended Complaint to which no response is required on behalf of the Defendant. To the extent any factual allegations are set forth in Paragraph 4 of the Amended Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

5. Plaintiff sets forth a conclusion of law in Paragraph 5 of the Amended Complaint to which no response is required on behalf of the Defendant. To the extent any factual allegations are set forth in Paragraph 5 of the Amended Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

### As for Claim for Relief

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint.

7. Defendant admits that Plaintiff entered into an agreement with Advance Paradigm, Inc. on or about September 1, 1999 ("Consulting Agreement"). Answering further, Defendant refers to the Consulting Agreement for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 7 of the Amended Complaint.

8. Defendant refers to the Consulting Agreement for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 8 of the Amended Complaint.

9. Defendant refers to the Consulting Agreement for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Defendant refers to the referenced Plan for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 12 of the Amended Complaint.

13. Plaintiff sets forth a conclusion of law in Paragraph 13 of the Amended Complaint to which no response is required on behalf of the Defendant. To the extent any factual allegations are set forth in Paragraph 13, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Defendant refers to the referenced Cancellation Notice for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of the Amended Complaint.

18. Defendant refers to the referenced Cancellation Notice for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Amended Complaint.

19. Defendant refers to the referenced Cancellation Notice for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 19 of the Amended Complaint.

20. Defendant admits that Plaintiff, through counsel, addressed a letter to "Denon Lankowski, Esq.," dated July 26, 2007. Defendant refers to Plaintiff's July 26, 2007 letter for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendant admits that Thomas S. Moffatt sent a letter to Plaintiff's counsel, Leonard A. Rodes, Esq., dated August 3, 2007. Defendant refers to Mr. Moffatt's August 3, 2007 letter for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 21 of the Amended Complaint.

22. Defendant admits that Plaintiff, through counsel, addressed a letter to Mr. Moffatt, dated September 5, 2007. Defendant refers to Plaintiff's September 5, 2007 letter for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 22 of the Amended Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 23 of the Amended Complaint. Defendant denies the remaining allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Amended Complaint.

WHEREFORE, defendant CVS Caremark Corporation demands judgment dismissing the Complaint with prejudice, awarding costs of suit and reasonable attorneys' fees, and awarding such other legal and/or equitable relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of failure to mitigate damages and avoidable consequences.

### THIRD AFFIRMATIVE DEFENSE

Any contractual duties or obligations that Plaintiff claims Defendant owed to him have been performed and/or satisfied and/or discharged.

### FOURTH AFFIRMATIVE DEFENSE

The purported Consulting Agreement between Plaintiff and Defendant was effectively and lawfully terminated and/or modified.

### FIFTH AFFIRMATIVE DEFENSE

The damages and relief sought in Plaintiff's prayers for relief are, in whole or in part, not legally authorized and/or against public policy.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged reliance by Plaintiff on any statement by or conduct of Defendant was neither reasonable nor resulted in a detriment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under the purported Consulting Agreement because Plaintiff failed to satisfy condition(s) precedent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under the purported Consulting Agreement because of the failure of consideration.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of unclean hands, laches, statute of limitations, and undue delay.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or election.

ELEVENTH AFFIRMATIVE DEFENSE

All decisions concerning Plaintiff's claims were made in accordance with the governing plan and/or agreements for the alleged stock options that are the subject of the Complaint.

TWELFTH AFFIRMATIVE DEFENSE

All of Defendant's actions were taken, made and done in good faith.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished by reason of accord and satisfaction.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported rights under the alleged Consulting Agreement were extinguished and/or discharged by termination and/or modification of the purported contract.

FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted in that the Defendant retained full discretion regarding payment to the Plaintiff of any amount alleged as due under any stock incentive compensation plan or agreement.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of frauds.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's contract claims are precluded because Defendant's performance was excused and/or discharged by Plaintiff's material breach.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a setoff and/or recoupment against Plaintiff, inasmuch as Plaintiff received a benefit under the contract to which he was not entitled when he exercised stock options that had or should have been previously extinguished by the termination and/or modification of the Consulting Agreement.

### NINTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a setoff and/or recoupment against Plaintiff, inasmuch as Plaintiff has been unjustly enriched by exercising stock options that had or should have been previously extinguished by the termination and/or modification of the Consulting Agreement.

WHEREFORE, defendant CVS Caremark Corporation demands judgment dismissing the Complaint with prejudice, awarding costs of suit and reasonable attorneys' fees, and awarding such other legal and/or equitable relief as the Court deems just and proper.

> Respectfully submitted,
>
> Edwards Angell Palmer & Dodge LLP
> One Giralda Farms
> Madison, NJ 07940
> Ph: 973-520-2300
> Fax: 973-520-2600
> Attorneys for Defendant
>
> */s/ Richard M. DeAgazio*
> By: _____
>     RICHARD M. DeAGAZIO (RD-6507)

Dated:  January 28, 2008

## **CERTIFICATE OF SERVICE**

I, hereby certify that on this 28th day of January 2008, I caused a copy of the foregoing Answer to be served via ECF upon:

Leonard A. Rodes, Esquire
Trachtenberg Rodes & Friedberg LLP
545 Fifth Avenue
New York, NY 10017
Counsel for Plaintiff

*/s/ Richard M. DeAgazio*
_____
Richard M. DeAgazio