EDWARDS ANGELL PALMER & DODGE, LLP
Richard M. DeAgazio, Esq. (RD-6507)
One Giralda Farms
Madison, NJ 07940
Telephone: (973) 520-2300
Facsimile: (973) 520-2600
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILLIAM S. WANAGO, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> CVS CAREMARK CORPORATION, <br><br> Defendant. | Civil Action No.1:07-cv-9829 (LAK) <br><br> **DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendant CVS Caremark Corporation (hereafter "Defendant" or "CVS"), by way of amended answer to the Amended Complaint of William Wanago, M.D. ("Plaintiff"), hereby states as follows:

1. Paragraph 1 of the Amended Complaint describes the nature of this action and, thus, no response is required thereto. To the extent any factual allegations are asserted in Paragraph 1 of the Amended Complaint, Defendant denies those allegations.

**As for Parties**

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Amended Complaint.

**As for Jurisdiction and Venue**

4.      Plaintiff sets forth a conclusion of law in Paragraph 4 of the Amended Complaint to which no response is required on behalf of the Defendant.  To the extent any factual allegations are set forth in Paragraph 4 of the Amended Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

5.      Plaintiff sets forth a conclusion of law in Paragraph 5 of the Amended Complaint to which no response is required on behalf of the Defendant.  To the extent any factual allegations are set forth in Paragraph 5 of the Amended Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

**As for Claim for Relief**

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint.

7.      Defendant admits that Plaintiff entered into an agreement with Advance Paradigm, Inc. on or about September 1, 1999 ("Consulting Agreement").  Answering further, Defendant refers to the Consulting Agreement for the true and accurate contents thereof, which speak for themselves.  Defendant denies the remaining allegations set forth in Paragraph 7 of the Amended Complaint.

8.      Defendant refers to the Consulting Agreement for the true and accurate contents thereof, which speak for themselves.  Defendant denies the remaining allegations set forth in Paragraph 8 of the Amended Complaint.

9. Defendant refers to the Consulting Agreement for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Defendant refers to the referenced Plan for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 12 of the Amended Complaint.

13. Plaintiff sets forth a conclusion of law in Paragraph 13 of the Amended Complaint to which no response is required on behalf of the Defendant. To the extent any factual allegations are set forth in Paragraph 13, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Defendant refers to the referenced Cancellation Notice for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of the Amended Complaint.

18. Defendant refers to the referenced Cancellation Notice for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Amended Complaint.

19. Defendant refers to the referenced Cancellation Notice for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 19 of the Amended Complaint.

20. Defendant admits that Plaintiff, through counsel, addressed a letter to "Denon Lankowski, Esq.," dated July 26, 2007. Defendant refers to Plaintiff's July 26, 2007 letter for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendant admits that Thomas S. Moffatt sent a letter to Plaintiff's counsel, Leonard A. Rodes, Esq., dated August 3, 2007. Defendant refers to Mr. Moffatt's August 3, 2007 letter for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 21 of the Amended Complaint.

22. Defendant admits that Plaintiff, through counsel, addressed a letter to Mr. Moffatt, dated September 5, 2007. Defendant refers to Plaintiff's September 5, 2007 letter for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 22 of the Amended Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 23 of the Amended Complaint. Defendant denies the remaining allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Amended Complaint.

WHEREFORE, defendant CVS Caremark Corporation demands judgment dismissing the Complaint with prejudice, awarding costs of suit and reasonable attorneys' fees, and awarding such other legal and/or equitable relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of failure to mitigate damages and avoidable consequences.

### THIRD AFFIRMATIVE DEFENSE

Any contractual duties or obligations that Plaintiff claims Defendant owed to him have been performed and/or satisfied and/or discharged.

### FOURTH AFFIRMATIVE DEFENSE

The purported Consulting Agreement between Plaintiff and Defendant was effectively and lawfully terminated and/or modified.

### FIFTH AFFIRMATIVE DEFENSE

The damages and relief sought in Plaintiff's prayers for relief are, in whole or in part, not legally authorized and/or against public policy.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged reliance by Plaintiff on any statement by or conduct of Defendant was neither reasonable nor resulted in a detriment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under the purported Consulting Agreement because Plaintiff failed to satisfy condition(s) precedent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under the purported Consulting Agreement because of the failure of consideration.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of unclean hands, laches, statute of limitations, and undue delay.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or election.

ELEVENTH AFFIRMATIVE DEFENSE

All decisions concerning Plaintiff's claims were made in accordance with the governing plan and/or agreements for the alleged stock options that are the subject of the Complaint.

TWELFTH AFFIRMATIVE DEFENSE

All of Defendant's actions were taken, made and done in good faith.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished by reason of accord and satisfaction.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported rights under the alleged Consulting Agreement were extinguished and/or discharged by termination and/or modification of the purported contract.

FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted in that the Defendant retained full discretion regarding payment to the Plaintiff of any amount alleged as due under any stock incentive compensation plan or agreement.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of frauds.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's contract claims are precluded because Defendant's performance was excused and/or discharged by Plaintiff's material breach.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a setoff and/or recoupment against Plaintiff, inasmuch as Plaintiff received a benefit under the contract to which he was not entitled when he exercised stock options that had or should have been previously extinguished by the termination and/or modification of the Consulting Agreement.

### NINTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a setoff and/or recoupment against Plaintiff, inasmuch as Plaintiff has been unjustly enriched by exercising stock options that had or should have been previously extinguished by the termination and/or modification of the Consulting Agreement.

WHEREFORE, defendant CVS Caremark Corporation demands judgment dismissing the Complaint with prejudice, awarding costs of suit and reasonable attorneys' fees, and awarding such other legal and/or equitable relief as the Court deems just and proper.

## **COUNTERCLAIM**

Defendant CVS Caremark Corporation, by way of Counterclaim against plaintiff William S. Wanago, M.D. ("Wanago"), hereby states as follows:

### FACTUAL BACKGROUND

1. On or about September 1, 1999, Wanago entered into a Consulting Agreement with Advance Paradigm, Inc. ("API"), promising to provide various services as a medical consultant in the pharmacy benefit management field, including but not limited to the following: encouraging and fostering the sale of API's pharmacy products; assisting in the development of marketing strategies and opportunities by using his business contacts to introduce API to key employers, consultants, trade groups and industry leaders; advising API on how to refine product strategy and positioning; providing background on local industry trends and issues; and providing high visibility and credibility in the promotion of API and it's health benefit management services by, among other methods, using his best efforts to provide API with access to Newsweek supplement articles and providing representation at key business forums.

2. Under the Consulting Agreement, Wanago's compensation included, *inter alia*, a $6,000 per month consulting fee; and a grant of an option to purchase 20,000 shares of API common stock, with a vesting schedule of 20% per year over five years.

3. The Consulting Agreement was for a one-year term but could be renewed for additional one-year periods unless terminated as provided for therein. Pursuant to Section 5(d) of the Consulting Agreement, among other methods, the Consulting Agreement was terminable by either party "upon giving ninety (90) days prior written notice to the other party."

4. Also on or about September 1, 1999, API and Wanago entered into a "1997 Nonstatutory Stock Option Agreement" ("Option Agreement"), granting to Wanago an option to purchase 20,000 shares of common stock at a certain price, subject to certain terms and conditions.

5. Pursuant to Section 4(c) of the Option Agreement, in the event that the "service relationship" between Wanago and API terminated for any reason, the options were required to be exercised within 90 days after the date of that termination (sometimes herein referred to as "the 90-day exercise window").

6. Through a series of mergers and/or acquisitions, API was succeeded by AdvancePCS in 2000, which in turn was succeeded by Caremark Rx, Inc. in 2004, which was ultimately succeeded by defendant-counterclaimant CVS Caremark Corporation in March 2007. To avoid confusion, defendant-counterclaimant and its corporate predecessors will hereinafter be referred to collectively as "the Company."

7. On or about April 8, 2003, the Company issued a valid and effective notice of termination of the Consulting Agreement, which pursuant to Section 5(d) of the Consulting Agreement, was effective 90 days thereafter, i.e., on or about July 8, 2003.

8. Although the Company and Wanago thereafter discussed entering into a separate supplier or vendor arrangement, those discussions did not result in an enforceable agreement or relationship between the parties.

9. Wanago did not perform any services for the Company after the July 8, 2003 effective termination date of the Consulting Agreement. Therefore, pursuant to Section 4(d) of the Option Agreement, Wanago's stock options were forfeited 90 days later, i.e., on or about October 8, 2003.

10. Due to an internal coding error at the Company, however, Wanago's stock options were not designated as forfeited by the Company's stock option administrator.

11. As a result of this error, Wanago was erroneously permitted to exercise options in 2004, 2005, 2006 and 2007. Wanago was not entitled to exercise those options under the terms of the Option Agreement.

12. In or about late 2006 or early 2007, the Company discovered that Wanago was erroneously listed as owning stock options despite the fact that his consulting relationship with the Company had ended more than three years earlier.

13. On or about March 22, 2007, the Company caused a notice to be issued to Wanago advising him of the termination of the remaining, unexercised stock options.

14. In law and equity, the Company is entitled to a return of the profits realized by Wanago on the exercise of the forfeited options during 2004-2007.

## COUNT ONE
### (UNJUST ENRICHMENT)

15. Defendant-Counterclaimant CVS Caremark Corporation repeats and realleges the allegations contained in paragraphs 1 through 14 of its Counterclaim as if fully set forth at length herein.

16. Wanago benefited at the Company's expense by being permitted, due to an internal coding error, to exercise stock options during 2004-2007 that had been forfeited contractually on or about October 8, 2003.

17. Equity and good conscience require restitution to the Company of the profits realized by Wanago from the erroneous exercise of forfeited stock options during 2004-2007.

18. The Company has been otherwise damaged by the erroneous exercise of forfeited stock options during 2004-2007.

WHEREFORE, Defendant-Counterclaimant CVS Caremark Corporation demands judgment for restitution of the profits realized by Wanago from the erroneous exercise of forfeited stock options during 2004-2007, plus compensatory damages, attorneys' fees, costs of suit, and such other legal and/or equitable relief as the Court deems just and proper.

## COUNT TWO

### (MONEY HAD AND RECEIVED)

19. Defendant-Counterclaimant CVS Caremark Corporation repeats and realleges the allegations contained in paragraphs 1 through 18 of its Counterclaim as if fully set forth at length herein.

20. Wanago received money and/or proceeds that belonged to the Company when he exercised options during 2004-2007 that had been forfeited contractually on or about October 8, 2003.

21. Wanago benefited from receiving this money and/or proceeds.

22. Principles of equity and good conscience do not permit Wanago to keep the money and/or proceeds.

WHEREFORE, Defendant-Counterclaimant CVS Caremark Corporation demands judgment for restitution of the profits realized by Wanago from the erroneous exercise of forfeited stock options during 2004-2007, plus compensatory damages, attorneys' fees, costs of suit, and such other legal and/or equitable relief as the Court deems just and proper.

        Respectfully submitted,

        Edwards Angell Palmer & Dodge LLP
        One Giralda Farms
        Madison, NJ 07940
        Ph: 973-520-2300
        Fax: 973-520-2600
        Attorneys for Defendant

           /s/ Richard M. DeAgazio
By: _____
        RICHARD M. DeAGAZIO (RD-6507)

Dated: April 30, 2008

## CERTIFICATE OF SERVICE

    I, Richard M. DeAgazio, hereby certify that on this 30th day of April 2008, I caused a copy of the foregoing Amended Answer to Amended Complaint, Affirmative Defenses, and Counterclaim to be served via ECF upon:

Leonard A. Rodes, Esquire
Trachtenberg Rodes & Friedberg LLP
545 Fifth Avenue
New York, NY 10017
Counsel for Plaintiff

           /s/ Richard M. DeAgazio
        _____
           Richard M. DeAgazio