UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
WILLIAM S. WANAGO, M.D.,                      :
                                              :
                        Plaintiff,            :        07 Civ. 9829 (LAK) (MHD)
                                              :
v.                                            :
                                              :
CVS CAREMARK CORPORATION,                     :        REPLY TO COUNTERCLAIMS
                                              :
                        Defendant.            :        Jury Trial Demanded
-----------------------------------------------------x

     Plaintiff, William S. Wanago, M.D. ("Dr. Wanago"), as and for his reply to the counterclaim set forth in Defendant's Amended Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Counterclaim, filed April 30, 2008 (the "Counterclaim"), by defendant, CVS Caremark Corporation ("CVS"), alleges as follows:

     1.    Denies the allegations set forth in paragraph 1 of the Counterclaim, except admits that he entered into a Consulting Agreement with Advanced Paradigm in 1999, and respectfully refers the Court to that agreement for its terms and conditions.

     2.    Denies the allegations set forth in paragraph 2 of the Counterclaim, except admits that he was entitled to compensation pursuant to the Consulting Agreement and that one component of such compensation was a grant of stock options, and otherwise respectfully refers the Court to that agreement for its terms and conditions.

     3.    Denies the allegations set forth in paragraph 3 of the Counterclaim, except admits that the Consulting Agreement contained provisions regarding the means by which the parties could terminate the relationship created thereby, and otherwise respectfully refers the Court to the agreement for its terms and conditions.

4.      Denies the allegations set forth in paragraph 4 of the Counterclaim, except admits that, pursuant to the Consulting Agreement, he and Advanced Paradigm signed a Stock Option Agreement in 1999, and respectfully refers the Court to that agreement for its terms and conditions.

5.      Denies the allegations set forth in paragraph 5 of the Counterclaim, and respectfully refers the Court to the referenced agreement for its terms and conditions.

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Counterclaim.

7.      Denies the allegations set forth in paragraph 7 of the Counterclaim.

8.      Denies the allegations set forth in paragraph 8 of the Counterclaim.

9.      Denies the allegations set forth in paragraph 9 of the Counterclaim.

10.     Denies the allegations set forth in paragraph 10 of the Counterclaim, except admits that CVS and its predecessors consistently recognized, from 2003 until late June 2007, that plaintiff owned the stock options in question.

11.     Denies the allegations set forth in paragraph 11 of the Counterclaim, except admits that he exercised options during the period 2003 to 2007 and that, in respect of each such exercise, CVS and its predecessors consented to, acquiesced in, and otherwise ratified the exercise by consummating the transaction.

12.     Denies the allegations set forth in paragraph 12 of the Counterclaim.

13.     Denies the allegations set forth in paragraph 13 of the Counterclaim.

14.     Denies the allegations set forth in paragraph 14 of the Counterclaim.

15.    In reply to paragraph 15 of the Counterclaim, incorporates by reference herein his responses to paragraphs 1 through 14 of the Counterclaim.

16.    Denies the allegations set forth in paragraph 16 of the Counterclaim.

17.    Denies the allegations set forth in paragraph 17 of the Counterclaim.

18.    Denies the allegations set forth in paragraph 18 of the Counterclaim.

19.    In reply to paragraph 19 of the Counterclaim, incorporates by reference herein his responses to paragraphs 1 through 18 of the Counterclaim.

20.    Denies the allegations set forth in paragraph 20 of the Counterclaim.

21.    Denies the allegations set forth in paragraph 21 of the Counterclaim.

22.    Denies the allegations set forth in paragraph 22 of the Counterclaim.

<u>Affirmative Defenses</u>

23.    The Counterclaim fails to state a claim upon which relief may be granted.

24.    The Counterclaim is barred by waiver and estoppel.

25.    The Counterclaim is barred by CVS's unclean hands.

26.    The Counterclaim is barred by laches.

27.    The Counterclaim is barred by CVS's failure to mitigate damages.

28.    The Counterclaim is barred under the doctrine of avoidable consequences.

29.    The Counterclaim is barred because CVS lacks standing and/or is not the real party in interest.

30.    The relief sought by the Counterclaim is contrary to public policy.

WHEREFORE Plaintiff Wanago prays for judgment in his favor, and against defendant CVS, dismissing the Counterclaim, and each claim for relief purportedly stated therein, and otherwise granting relief as prayed for in Plaintiff's Amended Complaint.

Dated: New York, New York
         May 30, 2008

TRACHTENBERG RODES & FRIEDBERG LLP
*Attorneys for Plaintiff*

By: _____
     Leonard A. Rodes (3675)
     545 Fifth Avenue
     New York, New York  10017
     (212) 972-2929

TO:    Richard M. DeAgazio, Esq.
       EDWARDS ANGELL PALMER & DODGE, LLP
       *Attorneys for Defendant*
       One Giralda Farms
       Madison, NJ  07940
       (973) 520-2300