

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM S. WANAGO, M.D., | Civil Action No. 07 Civ. 9829 (LAK) (MHD) |
| Plaintiff, | |
| vs. | STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER |
| CVS CAREMARK CORPORATION Defendant. | |

Plaintiff William S. Wanago, M.D. ("Plaintiff") and Defendant CVS Caremark Corporation ("CVS") (collectively "the Parties"), by and through their undersigned counsel, stipulate and agree as follows:

WHEREAS, certain information and documents sought by the Parties in discovery are alleged to be confidential and/or private and/or proprietary; and

WHEREAS, the Parties wish to maintain the confidentiality of such information and documents; and

WHEREAS, the Parties also wish to stipulate to certain procedures relating to the production of documents;

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties, through their counsel, as follows:

1. As part of the production, filing, copying or reproduction of any documents and information, the Parties shall have the right to mark such documents and information with the designation "Confidential." That label should only be applied to documents and information which contain trade secrets, proprietary and/or private financial, business, personal, medical, or payroll information, or which contain identifiable confidential information as to current or

former employees of the Parties, who are not Parties in this action. Counsel for the Parties may further designate one or more portions of any transcript (including exhibits) of a deposition as confidential, by making a statement to such effect on the record in the course of the deposition, or by notifying opposing counsel in writing within 15 days of the receipt of the deposition transcript; and any such designated portions shall thereafter be subject to all of the provisions of this Confidentiality and Protective Order. Documents and information designated as confidential shall be referred to herein as "Confidential Materials".

2. As for any documents or information previously produced, the Parties shall have the right to make a "Confidential" designation on any such materials within 30 days of the date of execution of this Confidentiality and Protective Order. To the extent documents have already been produced at the time of execution of this Confidentiality and Protective Order, such designation may be made, in lieu of re-delivering the documents with a "Confidential" stamp, by giving written notice referencing the Bates numbers of the documents intended to be designated as Confidential.

3. Any Confidential Materials shall at all times remain in control of the authorized persons set forth in Paragraph 4 below, shall be used solely for the purpose of this litigation, and shall not be shown to any person, company, or entity except as expressly permitted by this Confidentiality and Protective Order.

4. Confidential Materials shall be disclosed only to (a) the Parties; (b) the Parties' attorneys and any employees of the Parties' attorneys actually involved in the conduct of this litigation; (c) any Court reporter to the extent necessary to record or transcribe testimony; (d) the Court before which this litigation is pending, including any Court personnel, to the extent permitted pursuant to paragraphs 6 and 7 below; (e) any person who may be designated by the

Parties' attorneys as an expert or consultant retained for this litigation who shall agree to be subject to this Confidentiality and Protective Order; and (f) any witnesses to the extent necessary to take deposition or trial testimony.

5. The persons identified in Paragraph 4 hereof shall not make any Confidential Materials available to any other person, company, or entity, or otherwise disclose such document or information, except to the extent authorized by this Confidentiality and Protective Order. Any copies of documents, notes, memoranda or other writing made by such persons that contain Confidential Materials shall at all times be treated in a manner consistent with this Confidentiality and Protective Order and utilized solely for the purposes of this litigation.

6. During trial, or at any hearing connected with any proceeding, if any of the Parties intend to utilize any "Confidential" material, or offer into evidence any documents or information designated as "Confidential," or information relating thereto or derived therefrom, their attorneys shall notify the other Parties' attorneys a reasonable time in advance thereof, in order that affected Parties may take such steps as are deemed reasonably necessary to preserve the confidentiality of such document or information, including but not limited to those steps outlined in paragraph 7 below.

7. No Confidential Materials may be filed with the Court, except under the following circumstances. The party wishing to file Confidential Materials shall give the other party reasonable notice of its intention to do so ("Notice"). The party objecting to such filing may then object in writing within five (5) days, and may move to require such Confidential Materials to be filed under seal. No such Confidential Materials may be filed unless and until the Court has resolved the motion or unless the Parties otherwise agree.

8.   The designation of any documents and information as confidential pursuant to this Confidentiality and Protective Order may be objected to at any time by counsel for any party [handwritten: or intervenor]. Such counsel shall first notify his adversary of an objection in writing and attempt to resolve the dispute without judicial intervention. If the parties are unable to resolve the dispute, the ~~party~~ [handwritten: person] opposing the confidentiality designation may file a motion so that the Court can make an appropriate ruling. While such matter is pending before the Court, each document in question shall continue to be treated in accordance with its original designation. [handwritten: The party seeking confidential treatment shall bear the burden of showing good cause therefor.]

9.   Entering into, agreeing to and/or complying with the terms of this Confidentiality and Protective Order shall not: (a) constitute an admission that any Confidential Materials are admissible in the trial of this action; (b) constitute an admission by either Party that any particular document or material contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (c) prejudice in any way the right of a party (i) to seek a determination by the court of whether any particular document or material should be produced or, if produced, whether it should be subject to the terms of this Order, (ii) to interpose an objection to a request for discovery on any ground; (iii) to seek relief on notice form any provision(s) of this Order, either generally or with respect to any particular document or Confidential Materials, or (iv) to seek protection greater than that provided by this Agreement; or (d) constitute a waiver of any privilege associated with such information, materials or documents, including, without limitation the attorney-client privilege and work-product doctrine.

10.  (a) During document production, any inadvertent production of material subject to the attorney-client privilege, work-product privilege or other applicable privilege following the filing of the within lawsuit and not previously disclosed, shall not constitute waiver of any applicable privilege; provided, however, that the producing party notifies the receiving party in

writing promptly after discovery of such inadvertent production. If information subject to a claim of attorney-client privilege, attorney work product or any other applicable privilege protecting information from discovery is inadvertently produced to a Party or Parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party otherwise would be entitled. Should a dispute arise, the dispute shall be presented to the Court for determination as to whether the documents are otherwise to be produced under an exception to such privileges.

(b) In the event of an inadvertent disclosure, the Party responsible for the disclosure must notify the receiving party immediately upon discovery of the inadvertent disclosure, and make every effort to remedy the unauthorized disclosure and prevent further disclosure.

(c) If a claim of inadvertent disclosure is made pursuant to this section, with respect to information then in the custody of another Party, such Party shall promptly return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database. The Party returning such material may then challenge the designation of the inadvertently produced material, but such challenge shall not rely upon in any manner or assert as a ground for entering a challenge the fact or circumstances of the inadvertent production, except as otherwise provided in paragraph 10(a) herein.

(d) The receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before

the receiving Party was placed on notice of the producing Party's claims of confidentiality or privilege of any information therein.

11. Within 30 days of the termination of this action, including all appeals, the Party receiving Confidential Materials shall return all Confidential Materials to the party producing the Confidential Materials, except that Counsel for each Party may retain one copy of Confidential Materials in its file, so long as precautions are taken to preserve the confidentiality of the Confidential Materials (such as by sending the file to off-site storage).

12. The parties retain the right to move before the Court for an Order seeking to modify the terms and provisions hereof.

TRACTENBERG RODES &  
FRIEDBERG LLP  
545 Fifth Avenue  
New York, NY 10017  
Attorneys for Plaintiff  
(212) 972-2929  

By: _____  6/5/08  
LEONARD A. RODES        Dated  
(LR-3675)

EDWARDS ANGELL PALMER & DODGE  
One Giralda Farms  
Madison, NJ 07940  
(973) 520-2300  
Attorneys for Defendant  

By: _____  6/6/08  
RICHARD M. DeAGAZIO     Dated  
(RD-6507)

IT IS SO ORDERED:

Dated: _____, 2008  
     New York, New York

_____  
HON. LEWIS A. KAPLAN, U.S.D.J.

Notwithstanding anything to the contrary herein, any papers filed under seal in this action may be made part of the public record on or after 6/11, 20 13 unless the Court otherwise orders.

SO ORDERED.

Dated: 6/11/08

_____  
U.S.D.J.